**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CRIMINAL CASE NO. 1:17-cr-00008-MR-WCM**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )     **O R D E R** |
| | ) |
| **JOYCE KAY GODWIN,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to amend the Judgment in this case [Doc. 26].

The Defendant was charged with three counts of bank fraud, in violation of 18 U.S.C. § 1344 (Counts One through Three); three counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A (Counts Four through Six); three counts of uttering a forged security, in violation of 18 U.S.C. § 513(a) (Counts Seven through Nine); and one count of receipt/possession of stolen mail, in violation of 18 U.S.C. § 1708 (Count Ten). [Doc. 1]. The Defendant pled guilty pursuant to a written Plea Agreement to Counts One through Six and Ten. [Doc. 9]. By signing the written Plea Agreement, the Defendant expressly waived any appellate and

post-conviction rights except for claims of ineffective assistance of counsel or prosecutorial misconduct.  [Id. at 5].

Counts One, Two, Three, and Ten and Counts Four, Five, and Six were grouped together for the purposes of sentencing.  At sentencing, the Court calculated an advisory guidelines range for Counts One through Three and Ten of four to ten months' imprisonment, plus mandatory consecutive two-year sentences for each of Counts Four through Six.  While acknowledging that it had the discretion to run the sentences for Count Four through Six concurrently to each other, the Court declined to do so on the grounds that imposing the sentences concurrently failed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from the Defendant.  [Doc. 23].  The Court ultimately sentenced the Defendant to ten months' imprisonment for each of Counts One through Three and Ten, to be served concurrently, and 24 months' imprisonment for each of Counts Four through Six, each to be consecutive to each other and the other counts, resulting in a total of 82 months' imprisonment.  [Doc. 22]. The Defendant did not appeal.  The Defendant subsequently filed a motion to vacate her sentence pursuant to 28 U.S.C. § 2255, which was denied.  [Doc. 25].

By the present filing, the Defendant asks the Court to amend the Judgment so as to run all of her counts of conviction concurrently so that she may be released early and reside in a local treatment center. [Doc. 26].

The Defendant has stated no basis on which the Court can or should amend the Judgment in this case. The Defendant pled guilty to the counts of conviction, and as the Court has previously found in her motion to vacate under 28 U.S.C. § 2255 [Doc. 25], her guilty plea was not in any way unknowing or involuntary. Accordingly, the Defendant's request for an amendment of her Judgment is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion to amend the Judgment in this case [Doc. 26], is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 25, 2020

Martin Reidinger
United States District Judge