THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00008-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOYCE KAY GODWIN, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Motion for Emergency Compassionate Release" [Doc. 30]. The Government opposes the Defendant's motion. [Doc. 32].

**I.    BACKGROUND**

In April 2017, the Defendant Joyce Kay Godwin pled guilty to three counts of bank fraud, three counts of aggravated identity theft, and one count of possession of stolen mail. [Docs. 9, 11]. In December 2017, the Court sentenced the Defendant to a total term of 82 months' imprisonment, to be followed by three years of supervised release. [Doc. 22]. The Defendant is currently housed at FMC Carswell, and her projected release date is July 6,

2023.[1]  The Defendant now seeks a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) in light of the ongoing COVID-19 pandemic. [Doc. 30].  Specifically, the Defendant argues that her underlying health conditions place her at a higher risk for severe illness from COVID-19, and that her particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served.  [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Here, the Government concedes that the Defendant has exhausted the necessary administrative remedies.  Accordingly, the Court will proceed to address the merits of the Defendant's motion.

---

[1] See https://www.bop.gov/inmateloc/ (last visited Sept. 22, 2020).

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);"

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that this policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well. See United States v. Taylor, -- F. App'x --, 2020 WL 5412762 (4th Cir. Sept. 9, 2020) (reversing denial of defendant's compassionate release motion where district court failed to consider the policy statement set forth in § 1B1.3 and its comments).

and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." First, the defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The defendant's age can also constitute an extraordinary and compelling reason for a reduction in sentence. This standard is met if the defendant: "(i) is at least 65 years old; (ii) is experiencing a serious

4

deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. 1B1.13, cmt. n.1(B). The defendant's family circumstances can also serve as an extraordinary and compelling reason if the defendant can establish "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children"; or "(ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. n.1(C). Finally, the application note recognizes that "other reasons" as determined by the Bureau of Prisons, may constitute an extraordinary and compelling reason for a reduction in sentence. U.S.S.G. 1B1.13, cmt. n.1(D).

Here, the Government concedes that the Defendant has identified a number of health conditions—namely, COPD, chronic kidney disease, and obesity—that are recognized risk factors for contracting COVID-19 and suffering serious complications as a result. However, the Government also points out that the Defendant was diagnosed with COVID-19 in July 2020 and has recovered after exhibiting only mild symptoms. The Defendant's medical records indicate that the Defendant was placed in isolation for 14

5

days and was later discharged from the medical unit. [See Doc. 35 at 14]. The Defendant's medical records do not indicate that any further treatment for any COVID-related symptoms was required after that date. [Id. at 2-12].

These records establish that the Defendant had the virus but ultimately recovered without experiencing any serious symptoms. The Defendant cannot meet her burden of establishing that her risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when she has already contracted—and beaten—the virus.[3] For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for her release, the Court would still deny the Defendant's motion. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of

---

[3] While it is unclear how long COVID-19 immunity might last following infection, it is reasonable to assume that the Defendant is not at risk of infection for some time. See CDC, COVID-19/Frequently Asked Questions, https://www.cdc.gov/coronavirus/2019-ncov/faq.html (last accessed Sept. 23, 2020). Furthermore, as of September 24, 2020, the Bureau of Prisons reports that the facility where the Defendant is housed has only six active COVID-19 cases among its prisoners. Hence, the Defendant's current chances of reinfection would appear to be very low.

any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

The Defendant has a significant criminal history. While she received only five criminal history points at sentencing, thus placing in her criminal history category III, the Defendant has a long history of similar state and federal felony offenses that were simply too old to be counted under the Guidelines. [See Doc. 19 at 8-18]. To reflect the inadequacy of the criminal history score, the Court imposed an above-guidelines sentence for the Defendant's current offense. [Doc. 23 at 2]. The Defendant has barely served half of her current sentence, taking into account good time credits. Given her extensive criminal history, and the need to protect the public from further crimes, the Court concludes that the reasons stated by the Defendant in her motion are insufficient to warrant her early release.

For all these reasons, the Court finds that there are no "extraordinary and compelling reasons" for Defendant's release and that analysis of the relevant § 3553(a) factors weigh in favor of her continued incarceration.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Emergency Compassionate Release" [Doc. 30] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 28, 2020

Martin Reidinger
Chief United States District Judge