# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00008-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JOYCE KAY GODWIN, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reconsideration." [Doc. 42].

In August 2020, the Defendant moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of her chronic health conditions and the ongoing COVID-19 pandemic. [Doc. 30]. On September 29, 2020, the Court denied the Defendant's motion, finding that the Defendant had failed to establish any extraordinary or compelling reason for a reduction in her sentence and that analysis of the relevant § 3553(a) factors weighed in favor of her continued incarceration. [Doc. 36]. The Defendant appealed the Court's Order to the Fourth Circuit Court of Appeals. [Doc. 38]. On June 2, 2021, the Court of Appeals affirmed the Court's Order. [Doc. 41]. On June 7, 2021, the Court received the present Motion for Reconsideration.

[Doc. 42]. The Court of Appeals' mandate issued on June 24, 2021. [Doc. 43].

The filing of the Notice of Appeal [Doc. 38] divested this Court of jurisdiction over this matter while it was on appeal. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58–59 (1982) (per curiam) ("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). The appeal is now over, and the Fourth Circuit has affirmed the Court's Order. These circumstances alone are grounds for denying the Defendant's motion for reconsideration.

Moreover, while the Defendant styles her motion as one for reconsideration, she filed it eight months after the Court denied her motion for compassionate release. Further, in seeking reconsideration, the Defendant raises entirely new grounds for relief, including the worsening of her medical conditions in recent months. [Doc. 42 at 1-2]. These are entirely new circumstances which were not present at the time that the Court ruled on the Defendant's motion for compassionate release in September 2020. In light of the amount of time that has passed since the denial of the

Defendant's first motion, and the new information cited in support of her renewed request for relief, the Court will treat the Defendant's present motion as a new motion for compassionate release and not just a motion for reconsideration of the Court's prior Order.

As the Defendant has made a new motion for compassionate release, her motion is subject to the exhaustion requirements of § 3582(c)(1)(A). The language of Section 3582(c)(1)(A) is clear: Before a defendant may seek a modification of her sentence in the courts, the defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. The Defendant's motion does not indicate that she submitted a request for release from the warden citing these new circumstances. Thus, the Defendant has not complied with the requirements of the statute, and the Court cannot grant the requested relief.

The Defendant moves for the appointment of counsel to represent her in connection with filing a motion for compassionate release. [Doc. 42 at 5]. The Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (citing Coleman v. Thompson, 501 U.S. 722, 756-57 (1991)); Rouse

v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004) (citing Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require and the prisoner is financially unable to obtain representation. See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, the Defendant has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001).

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reconsideration" [Doc. 42] is **DENIED**. The denial of the Defendant's request for compassionate release is **WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS FURTHER ORDERED** that the Defendant's request for the appointment of counsel [Doc. 42] is **DENIED**.

**IT IS SO ORDERED.** Signed: July 20, 2021

Martin Reidinger
Chief United States District Judge