# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:17-cr-00008-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JOYCE KAY GODWIN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the "Memorandum in Support of Defendant's Motion for Compassionate Release" [Doc. 47] and the Motion to Seal Defendant's Medical Records [Doc. 48] filed by attorney Nardine Mary Guirguis.

In August 2020, the Defendant Joyce Kay Godwin moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of her chronic health conditions and the ongoing COVID-19 pandemic. [Doc. 30]. On September 29, 2020, the Court denied the Defendant's motion, finding that the Defendant had failed to establish any extraordinary or compelling reason for a reduction in her sentence and that analysis of the relevant § 3553(a) factors weighed in favor of her continued incarceration. [Doc. 36]. The Defendant appealed the Court's Order to the Fourth Circuit Court of

Appeals. [Doc. 38]. On June 2, 2021, the Court of Appeals affirmed the Court's Order. [Doc. 41]. On June 7, 2021, the Court received a motion for reconsideration from the Defendant. [Doc. 42]. The Court of Appeals' mandate issued on June 24, 2021. [Doc. 43].

On July 20, 2021, this Court denied the Defendant's motion for reconsideration on two grounds: first, because the Court of Appeals had affirmed this Court's Order and second, because while styled as a motion for reconsideration, the motion cited new circumstances for which a new motion for compassionate release should be filed. [Doc. 44].

On August 9, 2021, attorney Adam Rodrigues of the law firm of Guirguis Law, PA, filed a notice of appearance on behalf of the Defendant for the limited purpose of "determin[ing] whether the Defendant may qualify to seek a reduction of sentence."[1] [Doc. 45]. On December 21, 2021—five months after the Court denied the Defendant's motion for reconsideration— attorney Nardine Mary Guirguis of the law firm of Guirguis Law, PA, filed a notice of appearance on behalf of the Defendant "for the purpose of filing a Memorandum of Law in support of her *pro se* Motion for Compassionate Release." [Doc. 46]. Thereafter, Ms. Guirguis filed the present

---

[1] To date, Mr. Rodrigues has not filed any other pleading on behalf of the Defendant.

2

"Memorandum in Support of Defendant's Motion for Compassionate Release." [Doc. 47]. The Memorandum purports to provide additional factual and legal support for the Defendant's *pro se* motion for reconsideration. [Doc. 42]. In that Memorandum, counsel argues that the Defendant exhausted her administrative remedies in October 2021, and she asks the Court to grant the Defendant's request for compassionate release. [Id.]. By way of a separate motion, counsel moves to file certain medical records under seal. [Doc. 48].

There is no motion for compassionate release pending before the Court. The Defendant's motion for reconsideration, which was construed as a renewed motion for compassionate release, was denied without prejudice to being re-filed. [Docs. 42, 44]. However, no such motion has been re-filed to date. As such, counsel's memorandum [Doc. 47] was improperly filed and shall be stricken. Further, because no motion for compassionate release is currently pending, counsel's motion to seal the exhibits filed in support of the memorandum must be denied as moot.

Both Mr. Rodrigues and Ms. Guirguis filed notices of appearance in this case that purport to limit counsel's appearance to a particular purpose. The Local Rules of this Court do not contemplate such limited appearances.

See LCvR 83.1. Accordingly, unless withdrawn, counsel's notices of appearances will be construed as notice of general appearances on behalf of the Defendant.

**IT IS, THEREFORE, ORDERED** that the "Memorandum in Support of Defendant's Motion for Compassionate Release" [Doc. 47] and its attendant exhibits are hereby **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that the Motion to Seal Defendant's Medical Records [Doc. 48] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Signed: January 6, 2022

Martin Reidinger
Chief United States District Judge